CARLISLE (CARTER v.). See Case No. 2,474.

## Case No. 2,411.

### CARLISLE v. DAVIS et al.

[9 Ben. 18.] [1]

District Court, S. D. New York. Jan. 1877.

CHATTEL MORTGAGE—FAILURE TO RENEW—RIGHTS OF MORTGAGOR'S ASSIGNEE IN BANKRUPTCY.

As against a chattel mortgage, the assignee in bankruptcy of the mortgagor cannot be heard to claim that the mortgage is invalid because it was not renewed under the statute of New York in regard to renewing chattel mortgages as against creditors and purchasers, if it was valid when the proceedings in bankruptcy were commenced.

[In equity. Bill by William T. Carlisle, assignee in bankruptcy of Henry Wilson, against Joseph M. Davis and David M. Davis.]

H. B. Philbrick, for plaintiff.
M. Laird, for defendants.

BLATCHFORD, District Judge. The burden of proof is on the plaintiff to establish affirmatively the allegations of the bill. I think the plaintiff fails to show that Joseph M. Davis violated his agreement, and fails to show that he did not transfer the good will of his business to the bankrupt, and fails to show that he caused such good will to be given to other parties, and fails to show that he induced any customer of his not to give his business to the bankrupt, and fails to show that he depreciated the business of the bankrupt, and fails to show that he was or is indebted to the bankrupt or his estate.

The note and mortgage were given May 21st, 1875. The note was due in one year. The bill in this case was filed June 10th, 1876. The point is made, that the mortgage became void because it was not properly renewed under the statute of the state of New York, within one year. But, the petition in bankruptcy was filed on the 19th of January, 1876, and, on the 2d of March, 1876, the assignment to the assignee in bankruptcy was made, conveying to him the estate and property which the bankrupt had on the 19th of January, 1876. The assignee acquired nothing more than the rights which the bankrupt had on that day, except as respects property conveyed by the bankrupt in fraud of his creditors, and except as respects property conveyed in direct contravention of the bankruptcy statute. As regards the subject matter of this suit, the assignee stands in no different position from that which the bankrupt himself would occupy if there had been no bankruptcy. The bankrupt could not be heard to claim that the mortgage is invalid as against him because it was not renewed, and the assignee occupies no better or different position. By section 5046 of the Revised Statutes, the assignee acquires the rights of action which the bankrupt had for property, and the rights which the bankrupt had to redeem property, and the like right to sue for, recover and defend property, which the bankrupt might have had if no assignment had been made. By section 5047 the assignee is given the like remedy to recover the effects of the bankrupt in his own name as the bankrupt might have had but for the assignment and the bankruptcy. In respect to the property covered by the mortgage in this case, all the right which the bankrupt had and which the assignee acquired, on the proofs in this case, was the right to hold the property subject to the mortgage and to redeem the property from the mortgage by paying the amount due on it according to its terms. An assignee in bankruptcy is not a creditor or a purchaser, within the language of the statute of New York in regard to the renewing of chattel mortgages, so as to require that a mortgage which is valid when the proceedings in bankruptcy are commenced, shall, in order to have it continue valid, as against such assignee, be renewed in the manner prescribed by such statute, after the proceedings in bankruptcy are commenced.

The bill must be dismissed, with costs to be paid out of the funds, if any, in the hands of the assignee, other than the proceeds of the mortgaged property, and the injunction heretofore granted must be dissolved.

CARLISLE (UNITED STATES v.). See Case No. 14,724.

CARLISLE BANK (KREBS v.). See Case No. 7,932.

CARLL (MAULDIN v.). See Case No. 9,307.

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]